CASE 43—PETITION EQUITY—MAY 12.

## Tipton v. Tipton.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

1. THE PLAINTIFF IN AN ACTION FOR DIVORCE MUST ALLEGE AND PROVE AN ACTUAL RESIDENCE in this State for one year next before the commencement of the action, and not merely a *legal* residence.

In this case the *actual* residence of the plaintiff, the husband, being out of the State, his *legal* residence in the State did not entitle him to maintain an action for divorce.

2. A LEGAL RESIDENCE, as distinguished from an *actual* residence, defined in the opinion.

WM. LINDSAY FOR APPELLANT.

Change of domicile is determined by the intention of the party and by the acquisition of a domicile elsewhere by the exercise of acts of citizenship. (State v. Judge, 13 Ala., 806; Harbrough v. Ciscott, 33 Mich., 241; McCrary on Elections, section 40; McDowell's Case, 3 Penn L. F., 310; Mitchell v. U. S., 21 Wall, 253; Demond v. U. S., 93 U. S., 605.)

A. J. REED OF COUNSEL ON SAME SIDE.

W. B. SMITH FOR APPELLEE.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, a citizen of Madison county, Kentucky, and owner of real estate on which he lived with his wife and children, in May, 1880, abandoned his wife and children, and left the State, and remained out of the State until November, 1883, when he returned to Madison county and remained there about three months, not, however, visiting his former residence, which had remained in the occupancy of his wife and children. He then again left the State and did not return until April or May, 1885, when he remained in Madison county until the first of January, 1886, but did not visit his former home, where his wife and children still resided. He, on the first of January, 1886, again left the State, and has remained out of it ever since. Since he left the State in 1880, and during his absence, except one year, when he was in Maryland, he has lived on one of the West India islands, in the employment of a phosphate company.

He says in his deposition, which by consent was read in this case, that he always regarded Madison county as his home, and never voted at any other place since he left the county, and did not leave the county with the intention of "remaining away any great length of time—not any longer than I could get things in a shape to return." The evidence also shows that he paid poll-taxes, through his brother, in Madison county, and during his second visit he voted at the August election, 1885; that when he left in 1886 he told his brother that he was going away for a year or two, but would return. On the fourth of October,

1886, he commenced this action against the appellee, his wife, for a divorce, upon the ground of a continuous separation for the period of five years. The chancellor dismissed his petition, for the reason that he was not a resident of this State for one year next before the bringing of this action. He has appealed to this court.

Section 423 of the Civil Code provides: "The plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce—

"1. A residence in this State for one year next before the commencement of the action."

There is a broad distinction between a legal and actual residence. A legal residence (domicile) can not, in the nature of things, co-exist in the same person in two States or countries. He must have a legal residence somewhere. He can not be a cosmopolitan. The succession to movable property, whether testamentary or in case of intestacy, except as regulated by statute; the jurisdiction of the probate of wills; the right to vote; the liability to poll tax, and to military duty, and other things, all depend upon the party's legal residence or domicile. For these purposes he must have a legal residence. The law will, from facts and circumstances, fix a legal residence for him, unless he voluntarily fixes it himself. His legal residence consists of fact and intention; both must concur; and when his legal residence is once fixed, it requires both fact and intention to change it. As contradistinguished from his legal residence, he may have an actual residence in another State or country. He may abide in the latter with-

out surrendering his legal residence in the former, provided he so intends. His legal residence, for the purposes above indicated, may be merely ideal, but his actual residence must be substantive. He may not actually abide at his legal residence at all; but his actual residence must be his abiding place.

His. legal residence subjects him to the duties, and confers upon him the rights and privileges above-mentioned; but, nevertheless, he may, in fact, be a non-resident; for it is well-settled, that, although he may have a legal residence in this State, yet if his actual residence is in another State, the latter fact is sufficient to authorize an attachment against his property upon the ground of non-residency. His domicile or legal residence may be in this State; but, in fact, he may be a non-resident. It is upon this distinction that a proceeding is allowed against him as a non-resident.

Had the appellee motioned him in this case to execute a non-resident's bond for costs, doubtless, it would not be denied that the motion should have prevailed. The mere fact of his legal residence—his actual residence being out of the State—would not have been a sufficient response to the motion. Doubtless the appellee could have proceeded against him as a non-resident for a divorce.

According to these views, we think that the residence required by the section of the Code *supra* means that of an actual residence; and that a mere legal residence in this State, with an actual residence out of the State, is not sufficient to entitle the appellant to maintain his action.

The judgment of the circuit court is affirmed.