CASE 44—WILL CONTEST—DECEMBER 13.

# Fidelity Trust and Safety Vault Company v. Preston, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. PROBATE OF WILL—CHANGE OF RESIDENCE OF TESTATRIX.—Although a testatrix recited in her will, and in certain conveyances executed after that date, that she was " of the county of Jefferson, State of Kentucky," and after that time stated to her friends that her residence had been changed to the city of Louisville (in the county of Jefferson), yet as she had an attractive country place in Trimble county, of several thousand acres, on which was a comfortable dwelling, where for many years prior to the making of her will her home had been, and her acts and declarations when in Louisville after the making of her will showed an intention to return to her country place in Trimble county, to which she referred as " home," and for which she gave evidence of great love up to the time of her death, and she had no dwelling-house or place of business in the city of Louisville, but was in an infirmary seeking restoration of health, the court is of the opinion there was no change of residence to the city of Louisville, and, therefore, the will must be offered for probate in Trimble county.

2. To CONSTITUTE A CHANGE OF RESIDENCE to the city of Louisville not only was the bodily presence of the testatrix necessary, but the present intention to remain for an indefinite period, and not to return to the previous residence unless temporarily or for purposes of business or pleasure.

P. B. MUIR FOR APPELLANT.

1. Every person *sui juris* has the undoubted right to choose and to change his or her domicile at pleasure. (Amer. Law Review for Oct., 1893, p. 643.)

2. The change to be effectual must be *bona fide*, not a fictitious or pretended or fraudulent change. (Morris v. Gilmer, 129 U. S.)

3. To constitute the change, two things are necessary, first, fact; second, intention—*factum et animus*. The *factum* is bodily presence, the *animus* is the " intention to remain for an indefinite time." (Tipton v. Tipton, 87 Ky., 245; Jacobs' Law of Domicile, secs. 133, 134, 136, 142, 420; Dicey on Domicile.)

4. A person may have two *actual* homes or residences, though no one can have more than one *legal* residence or domicile. In such a state of

Fidelity Trust and Safety Vault Company v. Preston, &c.

case where no direct and positive evidence of an election or choice between the two has been offered, the courts have often been perplexed as to the true domicile, and the *factum* existing in each, they have been forced to *infer* the "animus" from the surroundings of the person, and from any and every circumstance from which they supposed they could deduce an *inference*. The authorities in this class of cases are numerous and conflicting. It is not necessary to consider them, for they can have no application to this case since the *intention* of Mrs. Preston has been so *fully* and *expressly* shown by her oral and written declarations as to leave no room for *inference*. (Tipton v. Tipton, 87 Ky., 245.)

5. Any person, *sui juris*, having two homes or actual residences, and living about an equal period of time at each, may *ad libitum* adopt either as his or her legal residence All depends, in such cases, on mere *choice* or *election*, and when that is shown there is an end of controversy. (Story, Conflict of Laws, sec. 43; Wharton, Conflict of Laws, sec. 21; Phill. Inter. Law, sec. 49; Jacob's Law of Domicile, sec. 424.)

6. The evidence conclusively proves that Louisville was the domicile of Mrs. Preston at the time of her death.

BYRON BACON on same side.

1. Domicile is a residence at a particular place, accompanied with positive or presumptive proof of an intention of remaining there for an unlimited time. (Guier v. O'Daniel, 1 Binney, 349; Jacobs' Law of Domicile, sec. 65; 5 Am. & Eng. Enc. of Law, p. 865.)

2. When the transfer of bodily presence has been accomplished the *factum* is complete, and, generally speaking, no further act is necessary, but domicile vests immediately, provided the requisite animus be present. (Jacob's Law of Domicile, sec. 134.)

3. Motive of change is immaterial. The act and the intention create the domicile. (Jacob's Law of Domicile, sec. 142; McConley v. Kelley, 138 Mass., 172.)

4. Every person who is *sui juris*, and capable of controlling his personal movements, may change his domicile at pleasure. (Jacob's Law of Domicile, secs. 98, 99; *In Re* Cath. Robert's Will, 8 Paige, Ch. 592.)

5. Mrs. Preston had two homes—one her legal residence in Louisville, established and maintained for all legal purposes; the other a summer residence or sojourn in Norfolk, retained for the purpose of pleasure and recreation. (Tipton v. Tipton, 87 Ky., 245.)

6. The description of his residence given by a person in deeds or other legal documents will be received as evidence that he is there domiciled.

7. Occasional returns, or an intention to return for temporary purposes of business or pleasure, will not prevent a change of domicile. (Jacobs' Law of Domicile, sec. 160.)

Fidelity Trust and Safety Vault Company v. Preston, &c.

8. In municipal domicile but slight evidence is required of change of domicile. (Jacobs' Law of Domicile, sec. 423)

BARNETT, MILLER AND BARNETT OF COUNSEL ON SAME SIDE.

HUMPHREY & DAVIE AND WM. LINDSAY FOR APPELLEES.

1. The two lower courts having decided the same way on the facts, and their findings not being "flagrantly" against the evidence, but overwhelmingly sustained by it, this court will not reverse. (Cowan v. Prouse, 14 Ky. Law Rep., 274; Lunsford v. Culton, 15 Ky. Law Rep., 504; Bell v. Wood, 87 Ky., 56; Pittsburg R. Co. v. Woolley, 12 Bush, 452; Fraley v. Peters, 12 Bush, 470; Tilden v. Specht, 3 Ky. Law Rep., 691; Moore v. Estis, 2 Ky. Law Rep., 256; Young v. Durrett, 1 Ky. Law Rep., 339; Fuqua v. Fuqua, 13 Ky. Law Rep., 130; Cox v. Read, 10 Ky. Law Rep., 565; Davesac v. Seiler, 14 Ky. Law Rep., 497; Duckworth v. Hisle, 14 Ky. Law Rep., 220.)

2. The legal authorities as to what constitutes "residence" for probate purposes. (Tipton v. Tipton, 87 Ky., 243; Watson v. Simpson, 13 La. Ann., 337; Gilman v. Gilman, 83 Am. Dec, 502; Isham v. Gibbons, 1 Bradford, N. Y. Surrogate Rep., 88; White v. Brown, 1 Wall. Jr. Cir. R., 262; Hartston v. Hartston, 27 Miss., 718; Doyle v. Clark, 1 Flippin (U. S. Cir. Ct.), 536; Morris v. Gilmer, 129 U. S., 328; Holmes v. Green, 7 Gray, 300; Doucet v. Geoghegan, Law Reports, 9 Ch'y. Div , 455; Howard v. Gore, 5 Pick., 375; Lord Somerville's Case, 5 Ves., 786; The Venus, 8 Cranch, 281; Dupuy v. Worts, 53 N. Y., 556; Wright v. Boston, 126 Mass., 164; Dresser v. Edison, 49 Fed. Rep., 257; 43 Am. Dec., 597; 17 Am. St. Rep., 652; 23 Am. St. Rep., 27; 70 Am. Dec., 372; 59 Am. Dec., 114; 39 Am. Dec., 142; 5 Am. & Eng. Enc. of Law, pp. 849, 862, 863, 864, 865, 870, 871, 873, 875, 877, 878; Abbott's Trial Evidence, 104, 107, 108; Mitchell v. U. S., 21 Wall, 352.)

3. Although one leaves his own county, his residence legally continues there until he permanently acquires a residence in another county. One domicile can not be forfeited without conclusive proof that a new one has been acquired. (43 Am. Dec , 597; 17 Am. St. Rep., 652; 23 Am. St. Rep., 27; Shepherd v. Cassedy, 70 Am. Dec., 372; 59 Am. Dec., 114.)

If one leaves her established domicile to spend the winter in a city for health or pleasure, it is not a change of residence. (1 Am. Leading Cases, 895; 5 Pick., 370; 3 Harrison, 138; 1 Bradford, 189; Spears' Federal Jurisdiction, p. 143; 1 Jarman on Wills, Randolph & Talcott's ed., p. 24, note 17.)

4. Declarations of an intention to change residence amount to nothing unless they are accompanied by such acts as in fact amount to a change of residence. (*In re* Brown, 1 Flippen, 541; Air v. Weeks,

Fidelity Trust and Safety Vault Company v. Preston, &c.

18 Atl. Rep., 1108; Abbott's Trial Evidence, pp. 106–108; 7 Gray, 300; 5 Pick., 370.)

Especially is this true where such declarations are made by a testator for the mere purpose of trying to change the jurisdiction for the contest of his will. (Watson v. Simpson, 13 La. Ann , 337.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

A paper, purporting to be the last will and testament of Mrs. Mary Howard Preston, was offered for probate in the Jefferson County Court by her executor.

The probate was denied upon the ground that the legal residence of the testatrix, at the time of her decease, was on her farm called Norfolk, in the county of Trimble.

An appeal was taken from the judgment of that court to the Jefferson Court of Common Pleas, and the judgment of the county court affirmed.

The case is now here on the appeal of the executor from the judgment of the common pleas court, and the sole question presented is one of fact, and that is: Was the domicile of the testatrix, at the date of her death, in the city of Louisville, Jefferson county, or in the county of Trimble?

There is much testimony on the issue, and some that would indicate a purpose on the part of the testatrix to change her residence from the county of Trimble to the city of Louisville, but the decided weight of the evidence favors the conclusion that she regarded Norfolk, in the county of Trimble, as her fixed and permanent home.

There seems to be but little, if any, difference in the views of counsel as to what constitutes a legal residence, as well as the right of every one *sui juris* to change his domicile at pleasure.

The home of Mrs. Preston had been at Norfolk for many years, and if she had changed her residence to Louisville her bodily presence was not only necessary, but the present intention to remain for an indefinite period, and not to return to the previous residence, unless temporarily or for purpose of business or pleasure. One may have a summer residence at Pewee, and he may call it his home, and his actual legal residence in the city of Louisville, where he votes and conducts his business; or he may conduct his business at Louisville and have his actual domicile at Pewee. The location, therefore, of his legal residence—his actual domicile—must often be determined from testimony, and none more effectual or convincing than the acts of the person whose place of domicile is questioned.

It is conceded the testatrix had lived upon her farm in Trimble for many years, and that nothing had ever been said by her, or an act done, indicating her purpose to abandon her home, until the writing of her will by counsel, when, apprehending a contest on the part of her kindred, it was suggested by him that the probate in Trimble could be avoided by changing her place of residence, and often after that time she stated to her friends that her residence had been changed to the city of Louisville, and in making a conveyance of some of her realty, *there was the recital that she was of the county of Jefferson, State of Kentucky.* She also rented a pew a year or two before her death in the cathedral, but did no act or acts other than those mentioned that would conduce to show she had, in fact, abandoned her home in Trimble for one in Louisville.

While living on her farm in Trimble, she spent many of her winters at the Galt House in Louisville, and from the testimony in this case, always hailed with delight the approach of spring, that she might return to her home.

She left Norfolk in October of the year she died for Louisville, in company with her physician, who had advised her to go to St. Joseph's Infirmary, where she could have better treatment and be made more comfortable in her diseased condition, but when leaving her home and on the way to the city she said to her physician and to her domestic, she would return in the spring, and directed certain improvements made to her dwelling that she might make more comfortable her visitors whom she intended to bring with her. She wrote to her tenant a short time before her death to aid in killing her hogs and salting the meat, saying in the letter: "*I* unexpectedly *left home* Saturday a week ago on account of my health;" and in almost every instance when speaking of *home*, Norfolk was the place designated.

The declarations of a party, where the evidence is otherwise evenly balanced, as to the place of his domicile, would be entitled to much weight, but when, as in this case, the testatrix was only temporarily at the infirmary, with the knowledge she must leave as soon as she recovered, with no house or home in the city, or place of business, she could call her own, when contrasted with the lovely and attractive home called Norfolk, with its comfortable dwelling, her stock and tenants on her three thousand acre farm, the domestics on the place, her chapel in which she

worshipped, and, as said by the learned judge below, "with the marble statue of her father, the portraits of her husband and son, and all she most prized," it can not well be said that Norfolk was only a place of sojourn, or a resort for pleasure, and the city of Louisville her legal residence.

If the effect of the declarations of the testatrix that she had changed her residence had not been destroyed by her more frequent declarations made during the same period that Norfolk was her home, it would still be difficult to conclude that she had changed her home, or to reconcile such declarations with her acts and conduct up to the date of her death, evidencing her love for Norfolk and showing that she regarded it as her permanent home. That this good woman desired her will probated in Jefferson county is unquestioned, and what caused her anxiety in reference to the probate is not the subject of inquiry here, but it is manifest that her residence was in the county of Trimble, and by reason of our statute, her will must be offered for probate in that county. (Tipton v. Tipton, 87 Ky., 243.)

Judgment affirmed,