CASE 58.—ACTION BY J. H. ERWIN AGAINST J. RILE ALLEN
        AND OTHERS FOR FALSE ARREST.—January 29.

# Erwin v. Allen, &c.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

From a judgment dismissing plaintiffs petition
upon plaintiffs refusal to give a bond for costs as a
non-resident he appeals.   Reversed.

Non-resident—What Constitutes—Action by.—Bond for Costs.—
    Under Civil Code, section 616, requiring non-residents before
    commencing an action in this State, "to execute a bond for
    all costs which may accrue in the action," a temporary resi-
    dence out of the State, even for an indefinite period, will
    not constitute the party a non-resident, if, at the time of
    departure from the State and during his absence therefrom,
    he has an intention of returning, and such intention may be
    shown by the declarations and acts of the party.

R. N. STANFIELD, attorney for appellant.

ROBBINS & THOMAS for appellees. .

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

By this action appellant sought to recover of
appellees in the court below damages in the sum of
$3,000 for his alleged false arrest at their hands.   At
the appearance term, and before the case was called
for trial, the court, on appellees' motion, required of
appellant a bond for costs, upon the ground that he
was a nonresident of the State.   His refusal to give
the bond resulted in the dismissal of the action by

the court. Appellant complains of the ruling of the court, and by this appeal seeks the reversal of the judgment dismissing his petition.

Except an affidavit of one of the appellees, containing a mere expression of opinion that appellant was a nonresident, which was filed as a basis for the rule to require the bond for costs, the only evidence heard on that subject was furnished by appellant, who was introduced as a witness by appellees. His testimony was as follows: "My name is J. H. Erwin. I am the plaintiff in this action. I am now working for wages at lumber work in Union City, Tenn. I went there from Graves county, Ky., about three months ago, because I had no employment here and work was so slow. I have lived in Graves county, Ky., for four years, and am a resident of that State and county. It is my intention to return, and has been, just as soon as work opens up here. I vote and pay my taxes in Kentucky, and have no intention of leaving Kentucky permanently. I own no property. My family is staying with me near Union City, Tenn.; am keeping house there. I have no property, real or personal, in Kentucky. My father-in-law also moved to Tennessee, near where I am living."

Civil Code Prac., sec. 616, requires a nonresident of this State, before commencing an action in the State, to "file in the clerk's office a bond of sufficient surety, to be approved by the clerk, for the payment of all costs which may accrue in the court in which it may be brought, or any other to which it may be carried." Section 617 provides: "An action in which a bond for costs is not given, as is required by section 616, shall be dismissed on the motion of the defendant at any time before judgment, unless in a reasonable time, to be allowed by the court, after the motion is made therefor, such bond be filed." Is the

appellant a "nonresident," in the meaning of the Code? If not, it was error to require of him a bond for costs, and equally so to dismiss the action because of his failure to give it.

It fully appears from the uncontradicted testimony of appellant that his actual residence in Tennessee was temporary, and had continued but three months; that he had previously and continuously lived in Graves county, Ky., for about four years, there voted, and paid taxes; that his only purpose in going to Tennessee was to get temporary employment, which was not then to be had at his home in Kentucky; that he left this State with the intention of retaining his citizenship therein, and of returning as soon as he could procure work at home, and such is still his purpose. The fact that his family also went to Tennessee, and have there remained with him, does not of itself prove an abandonment of his home or loss of citizenship in this State, but does conduce to prove his care of and affection for those who are dependent upon him, as he can better minister to their comfort and welfare under such circumstances than if he were separated from them. In our opinion the evidence does not prove appellant to be a nonresident, within the meaning of the section supra. In its broadest sense the term "nonresident" means one who resides out of the State; but the mere fact of being out of the State, or not domiciled therein, does not constitute one a nonresident. A temporary absence from or residence out of the State, even for an indefinite period, will not constitute the party a nonresident, if at the time of departure from the State and during the absence therefrom there is an intention of returning to it; and especially is this true if he continues to fulfil the duties of citizenship by voting, paying taxes, etc., in the state from which

which he has departed. Am. & Eng. Ency. of Law, vol. 16, p. 718; Pfoutz v. Comford, 36 Pa., 420. On the other hand, as stated in Am. & Eng. Ency. of Law, vol. 16, p. 718: "The nonresidence of a party begins as soon as he leaves the State with no present intention of returning. Indeed, it has been often considered that one's nonresidence was to be reckoned as from the time of his departure from his present place of abode with the intention of becoming a nonresident so that he may become a nonresident before he has gone beyond the limits of the State." Adams v. Evans, 19 Kan., 174.

We are aware that some of the law writers and many of the courts have drawn a distinction between a legal and actual residence. Obviously, a person cannot have a legal residence in two states at the same time; but he may have a legal residence in one state and at the same time an actual residence in another. The actual residence in the one state will not destroy the legal residence in the other, if it be but temporary and the intention to return to the state of the legal residence within a definite or reasonable time is retained; and such intention may be shown by the declarations and acts of the party. In our opinion the term "nonresident," as used in sections 616-617, Civil Code Prac., refers to and means a person whose legal residence is not in Kentucky, but another state, and that it does not include appellant, whose legal residence is in Kentucky, though he is temporarily an actual resident of Tennessee.

Our attention has been called by counsel for appellees to the case of Tipton v. Tipton, 87 Ky., 243, 10 Ky. Law Rep., 252, 8 S. W., 440, which, it is insisted, sustains the judgment appealed from. The case referred to was an action for divorce. Section 423, Civil Code Prac., provides: "The plaintiff, to

obtain a divorce, must allege and prove, in addition to a legal cause of divorce, (1) a residence in this State for one year next before the commencement of the action.   *   *   *"   Manifestly, the word "residence," in the section supra, means actual residence, and not only actual, but also of a year's duration next before the institution of the action.   This was the construction given it by the opinion in Tipton v. Tipton, supra, and we do not question its correctness. We think, however, that so much of the opinion as holds that, had the appellee, Mrs. Tipton, been plaintiff in the action, she might have procured an attachment against the property of her husband upon the ground of nonresidence, and that as defendant she could have required of him a nonresident bond for costs, was not necessary to the decision of the case. Consequently we must regard these conclusions of the opinion as mere dicta.

It follows, from the foregoing expression of our views, that the lower court erred in requiring of appellant a bond for costs, and also in dismissing the action because of his failure to give it.   Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with the opinion.