## IN THE MATTER OF SECURING COMPENSATION BY MRS. LEE YIT KYAU PANG.

### No. 2098.

Argued April 1, 1933.   Decided April 22, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon questions of law certified by the industrial accident board of the City and County of Honolulu, under the provisions of section 3641, R. L. 1925.

The statement of facts contained in the board's reservation, omitting nonessentials, is as follows: "One Pang Ko Ak, a Chinese alien, employed by C. Q. Yee Hop and Company, Limited, the Employer's Liability Assurance Corporation, Limited, insurance carrier, was killed in Honolulu, Territory of Hawaii, on October 10, 1932, and said death arose out of and in the course of such employment. He left surviving him a widow, Lee Yit Kyau Pang, and three minor children, Pang Youk Chow, twelve years of age, Pang Hong Lam, nine years of age, and Pang Kim Young, seven years of age. * * * The aforesaid widow and minor children were born in Hawaii. Lee Yit Kyau Pang married Pang Ko Ak at Honolulu, Territory of Hawaii, on December 13, 1916. In 1928, the widow and three minor children left for China on a temporary visit and were still there at the time of the death of Pang Ko Ak. Her visit lasted four and one-half years, during which time she was supported by her husband. She always intended to return, and her legal domicile was Honolulu, Territory of Hawaii. The widow returned to Honolulu on December 21, 1932, and was restored to American citizenship on December 23, 1932.".

The reserved questions are as follows: "1. Does 'actually residing within the United States' in section 3611, R. L. Territory of Hawaii 1925 mean legal domicile? 2. Does 'actually residing within the United States' section 3611, R. L. Territory of Hawaii 1925 exclude those not physically present within the United States but temporarily in a foreign country for any purpose? 3. Does 'actually residing within the United States' section 3611, R. L. Territory of Hawaii 1925 exclude those not physically present within the United States but temporarily outside of the United States for any purpose? 4. Did the Act of September 22, 1922, chapter 411, section 3-A and 3-B, 42 Stat. 1022, as amended by Act of March 3, 1931, chapter 422, section 4-A, 46 Stat. 1511, section 9 and 369a, Title 8, U. S. C. A. and the repeal of the Act of September 22, 1922, chapter 411, section 5, 42 Stat. 1022, section 370, Title 8, U. S. C. A. by the Act of March 3, 1931, Chapter 422, section 4-B, 46 Stat. 1512, so change the status and rights of the widow to citizenship as to make her a dependent under the Act, irrespective of whether or not she was actually residing within the United States? 5. Does 'actually residing within the United States' section 3611, R. L. Territory of Hawaii 1925, include those whose legal domicile and residence is in the United States but who are temporarily out of the United States or in a foreign country?"

These questions are not argued as above presented by either side. The issue agreed upon and submitted by counsel, as presently appears, in effect obviates the necessity of consideration by us of question four and of the remaining four questions as above set forth, except in so far as the last named questions apply to the specific facts in this case. Quoting from the brief of counsel for the insurance carrier and employer: "There is no dispute that the children who were born here are dependents under

the Workmen's Compensation Act. The widow by her marriage, the employer claims, became a Chinese alien, and in December 23, 1932, she was naturalized under the federal law. The sole question is whether the claimant as well as the children is a dependent under the Workmen's Compensation Law." The claimant does not deny the alienage of the widow at the date of her husband's injury and death and, in effect, accepts the employer's above quoted statement of the issue before us. Quoting from her counsel's brief: "The sole question is whether the widow is a dependent within the purview and meaning of the Workmen's Compensation Act. Determination of this question depends upon the construction and meaning of section 3611, R. L. of Hawaii 1925 which states: 'An alien shall not be considered a dependent within the meaning of this chapter unless *actually residing within the United States,* and any alien dependent leaving the United States shall thereupon lose all right to any benefits under this chapter.' "

The arguments, orally and in the briefs, are consistent with the above quoted statements of counsel. No other primary issue has been argued or need be considered. Restated then, the primary question before us is: Is the widow, in the circumstances set forth in the above quoted statement of facts, entitled to compensation under the provisions of our Workmen's Compensation Law, as a dependent of the late Pang Ko Ak? Admittedly, as above set forth, "determination of this question depends upon the construction and meaning of section 3611, R. L. of Hawaii 1925," which the parties, as above appears, agree is applicable. Omitting the portions not presently relevant said section provides: "The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this chapter; * * * the widow only if living with the deceased, or actually de-

pendent, wholly or partially, upon him. * * * The relation of dependency must exist at the time of the injury." Then follows the paragraph quoted as above set forth by the claimant, namely: "An alien shall not be considered a dependent within the meaning of this chapter unless actually residing within the United States, and any alien dependent leaving the United States shall thereupon lose all right to any benefits under this chapter." Under express provision of the Act, "dependency," it is noted, refers to the time of injury. "Injury" as expressly defined by the Workmen's Compensation Act "includes death resulting from injury within six months." At the time of decedent's death, on October 10, 1932, his widow was in China where she had been since 1928. Her return to Honolulu and her restoration to American citizenship were in December, 1932. She therefore was not, in October, 1932, a "dependent" within the meaning of the Act unless she was at that time "actually residing within the United States." Claimant argues that the words "actually residing within the United States," as above used, have the same meaning as have the words, domiciled within the United States. In the interpretation of particular statutes the words "residence" and "domicile" have frequently been given the same meaning. In the statute now under consideration the word "actually" adds something to the word "residing" and, as we interpret it, differentiates the combination from that of "constructively residing" or "legally residing." That the latter term generally connotes "domicile" is not helpful to the claimant here.

The words "actual residence" and "actual resident" in different contexts have had frequent judicial attention. Thus: "As contradistinguished from a person's 'legal residence,' he may have an 'actual residence' in another state or country. He may abide in one country, without surrendering his legal residence in another, if he so in-

tends. His 'legal residence' may be merely ideal, but his 'actual residence' must be substantial. He may not actually abide at his 'legal residence' at all, but his 'actual residence' must be his abiding place." *Tipton* v. *Tipton*, 8 S. W. 440, 441, 87 Ky. 243. Again: " 'Actual resident,' as used in the Iowa Code, which provides that a person may be sued before a justice of the peace in any county of which he is an 'actual resident,' includes one who has moved into a county and hired a house there, with the intention of remaining until he had completed a certain job of work, though he did not mean to reside there permanently. A person may be an 'actual resident' of one county, and have a legal residence in another." *Fitzgerald* v. *Arel*, 18 N. W. 713, 714, 63 Iowa 104, 50 Am. Rep. 733. The two citations last above quoted are from 1 Words & Phrases (1st Ser.), 168. To the same effect are the following, cited in 1 Words & Phrases (2d Ser.), 99, 100 : "Residence and domicile are not necessarily the same. The first is used to indicate the place of dwelling, whether permanent or temporary, the second to define the fixed and permanent residence to which, when absent, one has the intention of returning. This distinction is the same as is sometimes made between actual residence and legal residence or inhabitancy. 'Actual residence' is not always the legal residence or inhabitancy of a man. A foreign minister actually resides and is personally present at the court to which he is accredited, but his legal residence, inhabitancy, or domicile is in his own country. When a man buys or rents a house and sets up housekeeping with his family with the design of remaining there until he has completed certain work, he becomes an actual resident there, although his domicile is in another country to which he intends to return upon the completion of the job." *In re Brannock*, 131 Fed. 819, 822 (quoting and adopting definition in *Fitzgerald* v. *Arel, supra*).

"There is a broad distinction between a 'legal' and an 'actual residence.' A legal residence (domicile) cannot, in the nature of things, coexist in the same person in two states and countries. He must have a legal residence somewhere. The succession to movable property, whether testamentary or in case of intestacy, except as regulated by statute; the jurisdiction of the probate of wills; the right to vote; the liability to poll tax and to military duty; and other things all depend on the party's legal residence or domicile. For these purposes he must have a legal residence. The law will, from facts and circumstances, fix a legal residence for him, unless he voluntarily fixes it himself. His 'legal residence' consists of fact and intention; both must concur; and, when his legal residence is once fixed, it requires both fact and intention to change it. As contradistinguished from his legal residence, he may have an 'actual residence' in another state or country. He may abide in the latter without surrendering his legal residence in the former, provided he so intends. His legal residence, for the purposes above indicated, may be merely ideal, but his actual residence must be substantial. He may not actually abide at his legal residence at all, but his actual residence must be his abiding place." *Michael* v. *Michael*, 79 S. W. 74, 75, 34 Tex. Civ. App. 630 (quoting and adopting definition in *Tipton* v. *Tipton, supra*).

Under the foregoing definitions, which we adopt so far as applicable, Mrs. Lee Yit Kyau Pang, at the time of her husband's injury, was "actually residing" in China and therefore could not at the same time have been "actually residing" in the United States, though her legal domicile, as recited in the board's statement of facts, was in this country. What the rule would be in cases of mere temporary absence from one's place of abode, as in transit, without "actual residence" elsewhere, the facts in the present case do not require us to decide, and upon that

subject we express no opinion.

In the view above expressed, Mrs. Lee Yit Kyau Pang, on October 10, 1932, was not a dependent of Pang Ko Ak, within the meaning of the Workmen's Compensation Act, and not entitled to compensation thereunder. No other or categorical answer is required by the statement of facts, the briefs or the argument, to the five questions propounded as above set forth by the industrial accident board, and except as above set forth said questions are returned to said board unanswered.

*E. K. Kai* (*W. H. Heen* with him on the brief) for claimant.

*A. Withington* (*Robertson & Castle* on the briefs) for the employer and the insurance carrier.