MINNIE O. PATCH *v.* WALTER D. PATCH.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 21, 1912.

*County Court—Jurisdiction of Divorce Suit by Wife—Wife's Independent Residence—Requisites and Effect—Final Judgment in Supreme Court.*

Where a husband, having long resided with his wife in this State, therein gives her cause for divorce, he forfeits his right to determine her residence, and she may thereupon leave him and acquire an independent residence in another county in this State, and then the county court within that county has jurisdiction to grant her a divorce, although her husband continues to reside where she left him.

Where a wife, on account of her husband's intolerably severe treatment of her, leaves him with the intention never again to live with him, and goes to live in another county with the intent to make her home there, she thereby acquires a residence in that county.

A suit for a divorce is not altogether a private action, and, regardless of the pleadings, the court should be apprised, if necessary by its own action, of the character of the marital relation at the time judgment is rendered dissolving it; and so where a judgment dismissing a divorce case solely for want of jurisdiction, after hearing on the merits and with the finding that a divorce would have been granted but for want of jurisdiction, is reversed on review, neither

will final judgment be rendered in Supreme Court, nor the case be remanded with direction to the lower court to render a decree of divorce, but will simply be remanded.  *Barney* v. *Cuness,* 68 Vt. 51, *distinguished.*

PETITION for divorce.  Heard at the December Term, 1911, Caledonia County, *Miles,* J., presiding.  Petition dismissed for want of jurisdiction.  The petitioner excepted.  The opinion states the case.

*Dutton & Mulcahy* for the petitioner.

No appearance for the petitionee.

HASELTON, J.  This is a petition for divorce brought to the Caledonia County Court.  The court made a finding of facts and dismissed the petition for want of jurisdiction.  The petitioner excepted.

The parties were married August 9, 1890.  More or less trouble arose between them which it is needless to refer to. September 27, 1910, in the night time, while they were living in Johnson in the County of Lamoille the husband inflicted some violence upon the person of the petitioner and attempted to eject her from his house.  The court found that this conduct amounted to intolerable severity and say that they would have granted the bill if the residence necessary to give the Caledonia County Court jurisdiction had been made out.

The day following the night referred to the petitioner left her husband's abode, taking with her furniture which she claimed to own and all her clothing and personal belongings.  The furniture she stored in a neighbor's barn where it has since remained.  She shortly afterward went to Hardwick in the County of Caledonia, where she worked out for a while, and afterwards she went to St. Johnsbury in the last named county to live with and take care of a woman there resident.  Her clothing and personal belongings she took with her from Johnson to Hardwick and from Hardwick to St. Johnsbury.  Since leaving her husband the petitioner has never intended to return to live with him but has had the intention of living apart from him, and it is her intention to make her home in St. Johnsbury with the woman with whom she lives.  The facts found show a residence in St.

Johnsbury unless her residence continues to be that of her husband; but the court below failed to find that she resided in Caledonia County on the ground that a wife had not the power ''to set up a residence independent of the husband in another place in this State where the husband continues to keep up his residence which the wife has left.'' However, where a husband has given his wife cause for divorce she may leave him and establish an independent residence, and this may be in another county. This our statute recognizes for it says that petitions for divorce shall be heard and determined in the county in which the parties reside or in which one of them resides, thus recognizing that, in contemplation of the divorce law, they may have separate residences in different counties within this State. P. S. 3070.

A husband forfeits the right to determine the residence of his wife when he gives her a ground of divorce as by intolerable severity. 2 Bishop, Marriage, Divorce, and Separation, §§112, 127; Chief Justice Shaw in *Harteau* v. *Harteau,* 14 Pick. 181, 25 Am. Dec. 372; *Cheever* v. *Wilson,* 9 Wall. 108.

A full discussion of the question is found in a note to *McGrew* v. *Mutual Life Ins. Co.,* 84 Am. St. Rep. 27, in subdivisions III, VI, and VIII.

Our statute relating to separate support and kindred matters, when a wife is for a justifiable cause living apart from her husband, provides that her petition to secure her rights may be brought in the county in which either of the parties resides, except that, if the petitioner has left the county in which the parties have lived together and the husband still resides therein, the petition shall be brought in that county. P. S. 3108. The court below seems inadvertently to have gone upon the theory that jurisdiction in divorce cases and jurisdiction under this statute are determined by the same facts. But these matters are proper for statutory regulation and have been determined by the legislature in the manner indicated.

In this case the parties have long resided in this State and the severity complained of was inflicted in this State, and due service was made upon the petitionee. We find no occasion for discussing the law applicable to the question of jurisdiction in cases of a different character.

Mr. and Mrs. Patch have two children and they have continued to live with their father. The findings refer to this fact,

and also to the storing of the wife's furniture in the town of the husband's residence. If these facts were entitled to weight in the consideration of the case by the trial court, they are of no consequence here, in view of the controlling findings already referred to.

On the findings the court should have taken jurisdiction of the case.

*Judgment reversed and cause remanded.*

After judgment but during the term and before the cause was actually remanded the petitioner moved for final judgment here and submitted a brief calling attention to numerous cases in which this Court, upon the reversal of a judgment, has rendered such judgment as it has appeared that the court below should have rendered. But a suit for divorce is not altogether a private action, and, without reference to pleadings or technical rules, the court granting a divorce should be apprised, if necessary by its own action, of the character of the marital relation at the time when judgment is rendered dissolving it. *Burton* v. *Burton*, 58 Vt. 414.

Therefore, in cases standing as this does the interests of society require, not a final judgment, but a remand to the court authorized by law to determine questions of fact. P. S. 3075.

*Barney* v. *Cuness*, 68 Vt. 51, was a petition for a decree of nullity and was dismissed by the county court on the ground, apparently, of want of jurisdiction. In that case this Court reversed the judgment of the county court and decreed that the marriage in question was null and void. But that was a case of a marriage declared by the statute to be absolutely void, for when it was celebrated the woman had a former husband living. P. S. 3058. In such a case the court has nothing to pass upon but the question of the nullity of the marriage, and the case is no authority here.

The petitioner suggests that if a final judgment is not rendered here, the case should be remanded with directions to the court below to render a decree of divorce. But what has already been said meets this suggestion. In holding that the county court has jurisdiction of the case and in remanding it we conserve the petitioner's rights and also the interests of society. It is sug-

gested that the petitioner can ill afford further costs, but neither that suggestion nor any other is a reason for the establishment of an unwise precedent.

*Motion overruled.*