ELMER W. TURNER *v.* NINA TURNER.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed August 22, 1913.

*Divorce—Jurisdiction—Evidence—Residence—Mere Intention—*
*Residence of Domicile—Residence of Choice.*

Intention alone cannot retain a residence, every vestige of which is gone, leaving no place to which the party has a right to return.

In a suit for divorce, evidence *held* to show that libellant was not a resident of the county in which the suit was brought, for which the libel was properly dismissed.

The domicile of origin adheres till a domicile of choice is acquired.

PETITION for divorce. Trial by court at the September Term, 1912, Windham County, *Butler,* J., presiding. Petition dismissed. The petitioner excepted. The opinion states the case.

*Joseph P. Carney* and *Herbert W. Blake* for the petitioner.

ROWELL, C. J. The jurisdictional question is, whether the libellant was a resident of Londonderry in Windham County when he brought his libel for divorce. He did not claim residence elsewhere in that county. The case is this, according to the finding of facts. The parties were married in July, 1905, and lived together in Londonderry till some time in the summer of 1907. The libellant became suspicious of his wife, and charged her with adultery. Thereupon they broke up house-

keeping, gave up the tenement in which they lived, and sent the household furniture and all his personal belongings to her mother's in Peru, in Bennington County. His charges against her being well founded, he never lived with her again, but went away from Londonderry, working at different places, sometimes in Londonderry and sometimes elsewhere. About November, 1911, he went to Gardner, Mass., to work, and took with him his personal clothing and all his personal effects, except a few things that remained in Peru, and has lived and made it his home in Gardner ever since. He has had no home nor place in Londonderry since breaking up housekeeping in 1907, to which he had a right to return, except occasionally when he worked there temporarily; and has had neither property, nor home, nor place there to which he had a right to return since going to Gardner as stated. He testified that he never intended to change his residence from Londonderry, and corroborated his testimony in this respect to some extent.

The "findings" say that if on the case thus made the libellant has a sufficient residence, the divorce should be granted; but the court, upon the "findings," dismissed the libel, to which the libellant excepted.

He concedes in his brief that he had been working in Massachusetts about eight months next before he brought his libel, and was still working there at the time of the trial, and had no property nor fixed abode in Londonderry at the time of signing his libel; but says that he claimed below that he had no intention of remaining in Massachusetts permanently, nor of acquiring a residence there, and that the residence he had once established in Londonderry remained there permanently; but that if his claim is unfounded in law, his libel was properly dismissed, and the Court need consider the case no further, except to see whether the entry should not show that the dismissal was for failure to show residence, so that the judgment would not be a bar on the merits.

It is plain under our decisions that the court below was right, for *intention* alone cannot retain a residence, every vestige of which is gone, with no place left to which the party has a right to return. Thus, in *Jamaica* v. *Townshend,* 19 Vt. 267, a man residing in Jamaica with his family, bargained for the occupancy, and conditionally for buying, a piece of land in another part of the town, and had cleared part of it and cut

some timber to use in building a house upon it. He then moved to Londonderry with his wife and family, taking with him all of his household furniture and effects, except a few small articles of little use or no value, and lived there twenty-nine days, and then moved back to Jamaica. When he left Jamaica he had no intention of again living in the house he moved from when he left there, but intended to remain in Londonderry till he finished his contemplated house in Jamaica, and then move into it. This was held to be a change of residence, and to interrupt the gaining of a settlement in Jamaica by residence. The gist of that decision is found in the charge to the jury, which was sustained, namely, that the intention to build a house in Jamaica and move into it did not retain the former residence in that town. That case, as Judge ALDIS said in *Mann* v. *Clark*, 33 Vt. 61, was an attempt to control an actual residence in one town by a mere *intention* of removing to another town.

In *Barton* v. *Irasburg*, 33 Vt. 159, it is said that in considering the question of *intention* it is always important to consider whether the party has anything to return to. If he has, he may well be supposed to have an intention to return. But if he has not, he may more reasonably be thought to carry his home with him.

In *Berlin* v. *Worcester*, 50 Vt. 23, it is said that the idea of a right to be and remain at a particular place is inseparable from the conception of a home or domicile.

In *Jericho* v. *Burlington*, 66 Vt. 529, it is held that mere *intention* does not constitute residence; that it must have relation to a definite place to which the person has a right to return. That case overrules *Rockingham* v. *Springfield*, 59 Vt. 521, as at variance with our other decisions. The error in that case consisted in not distinguishing between a domicile of origin, which adheres till a domicile of choice is acquired, and a mere pauper residence sufficient under the statute to warrant an order of removal, which residence is lost as soon as abandoned, though no other is acquired.

As to the judgment barring the merits, the record shows that the dismissal was for failure to show residence.

*Judgment affirmed.*