ANABEL MILLER *v.* JAMES C. MILLER.

May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Divorce—Jurisdiction—P. S. 3071—Libellant's Requisite Residence—Domicile—Wife's Derivative Domicile—Change of Domicile—Libel by Wife While Residing Without the State.*

As a general rule a wife's domicile is that of her husband, and, although when compelled by his misconduct to leave him she may acquire a separate residence, she is not obliged to do so, but may retain his domicile, though she lives elsewhere.

In order to change your domicile you must not only go to another place and live there, but must do that with the intention of remaining in that place and making it your home.

Under P. S. 3071, providing that "No divorce shall be decreed for any cause, unless the libellant has resided in this State at least one year next preceding the filing of the libel in court," it is sufficient if the libellant has her domicile in this State for the prescribed period, though she is actually living without this State.

In a divorce proceeding brought by a wife, where it is found that the parties were married at Chicago in the fall of 1911, and came at once to Newbury, Vermont, where they lived together until May, 1912, when by the libellee's cruel treatment the libellant was compelled to leave him and went back once for reconciliation, but he turned her away and forbade her to return, whereupon she went back to Chicago, and did not intend to return to Vermont, where her husband continued to reside at Newbury, unless he requested her to do so, which he never did, and she remained in Chicago until she returned to Vermont to prosecute her libel for divorce, but it is not found that she intended to make Chicago her place of abode, her domicile was still at Newbury, and the county court within and for the county of Orange had jurisdiction to grant her a divorce.

PETITION for a divorce. Trial by court at the December Term, 1913, Orange County, *Butler*, J., presiding. On the facts found by the court, the libellee moved to dismiss the petition for want of jurisdiction. Motion overruled, and bill granted for intolerable severity, with order for alimony and giving the libellant the custody of her minor child. The libellee excepted. The opinion states the case.

*David S. Conant* for the libellee.

*E. W. Smith* and *Frank S. Williams* for the libellant.

POWERS, C. J. These parties were married at Chicago in the fall of 1911, and came at once to Newbury, Vt. to reside. They lived together there on a farm owned by the libellee and his brother until May, 1912, when, on account of the husband's cruel treatment, the libellant was compelled to leave him. She went back once for a reconciliation, but was in effect turned away by him and forbidden to return. She then went back to Chicago, and did not intend to return to Vermont unless her husband came for and requested her to do so. This he never did, though there was some correspondence between them looking toward a resumption of marital relations at Newbury. She remained in Chicago until she came back here to prosecute her libel for a divorce. The court below granted the libellant a divorce, and the .

libellee insists that this was error, because the libellant lacked the year's residence required by P. S. 3071.

The term "reside" is used in different senses, and if this statute makes actual living here for the time specified a prerequisite, the libellant fails to make a case; for she was living in Chicago and not in Vermont during that time. But, having in mind the evil which the statute was designed to guard against, —fraudulent divorces,—we do not think that, in a case like this, it is necessary for the libellant to actually live in this State during the year preceding the filing of her libel. It is sufficient if her legal domicile is here. This is generally so held, and sufficiently appears from *Turner* v. *Turner*, 87 Vt. 65, 88 Atl. 3, 47 L. R. A. (N. S.) 505. And her legal domicile *was* here, because her husband's was here; and the general rule is that the husband's domicile is that of the wife. True it is that when compelled by his misconduct to leave him, she may acquire a separate residence,—*Patch* v. *Patch*, 86 Vt. 225, 84 Atl. 815,— but she is not obliged to do so. He cannot by his bad conduct compel her to acquire a new domicile for herself; she may retain his, though she lives elsewhere. *Duxslad* v. *Duxstad*, 17 Wyo. 411, 100 Pac. 112, 129 Am. St. Rep. 1138.

So here, the libellant's domicile was at Newbury, and was not lost by the mere act of removal, but continued until she acquired a new one somewhere else. *Turner* v. *Turner, supra.* To make a change of domicile effective, she must have not only gone to Chicago and lived there, but she must have had the intention of remaining there and making that city her home. *Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184. Neither residence alone, nor intention without more, would be sufficient.

It is not found that the libellant intended to make Chicago her place of abode. All that is found is that she did not intend to return to Newbury unless her husband came for her,—which is quite a different thing and does not fulfil the requirement of the rule. *Turner* v. *Turner, supra.*

The rule apparently approved by Mr. Bishop is thus stated: "If the wife is plaintiff, and by the local law it is necessary for plaintiffs in divorce controversies to be domiciled in the country. she may sustain herself on her husband's domicile there; though she is in fact living abroad; and he cannot set up, in answer to this position, his own wrong, on account of which she has lawfully acquired another domicile." This is going further than we

are required to go in the case in hand, for as we have seen the findings here do not show that the libellant has acquired a domicile in Chicago. The author quoted admits that the doctrine of the text is denied in some jurisdictions, and it is shown in the note to Succession of Benton, (La.) 59 L. R. A. at p. 149, that some courts hold that the maxim that the wife's domicile follows her husband's cannot be invoked in her favor to confer jurisdiction when she, being a nonresident, applies for a divorce in the state of the husband's domicile. But the views herein expressed are within the following authorities: *Kashaw* v. *Kashaw,* 3 Cal. 312; *Dunlop* v. *Dunlop,* 3 Ky. L. Rep. 20; *Masten* v. *Masten,* 15 N. H. 159; *Sewell* v. *Sewell,* 122 Mass. 156, 23 Am. Rep. 299; *Smith* v. *Smith,* 19 Neb. 706, 28 N. W. 296; *Davis* v. *Davis,* 30 Ill. 180; and *Duxstad* v. *Duxstad, supra,* —a case in which the facts were essentially as here.

*Affirmed, and cause remanded for a new time of payment of alimony to be fixed.*