GALLAGHER v. GALLAGHER. (No. 6236.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1919. On Motion for Rehearing, June 28, 1919.)

1. DIVORCE ⬛62(2)—ACTION—RESIDENCE.

Under Rev. St. 1911, art. 4632, declaring that no suit for divorce shall be maintained unless the petitioner shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for 12 months, and shall have resided in the county where suit is filed for 6 months preceding the filing, an actual residence in the state and county is essential to give the court jurisdiction.

2. DOMICILE ⬛4(2)—INTENTION—TESTIMONY.

While an individual may testify to an intention to acquire a domicile, intent is more satisfactorily shown by acts than words.

3. DOMICILE ⬛4(2)—ACQUISITION—INTENTION.

Intention of a party to fix a domicile at a particular place at some future time is not sufficient to give him a domicile at that point, where not evidenced by any acts or even declarations to that effect.

4. DIVORCE ⬛62(6)—ACTIONS—DOMICILE.

A soldier of the United States who was stationed at San Antonio, Tex., under orders of his superiors, though actually there for more than 12 months, cannot be deemed to have been an inhabitant of the state for 12 months, and to have resided in the county for 6 months preceding the filing of a petition for divorce from his wife, within Rev. St. 1911, art. 4632, requiring such residence, etc., as a condition to maintenance of a suit for divorce; it not appearing that the soldier, who testified that he intended to make San Antonio his home, had made any declarations to third persons, or that he had done any act evidencing such an intent.

On Motion for Rehearing.

5. DIVORCE ⬛59, 66—ACTIONS—JURISDICTION—VENUE.

Proof as to inhabitancy of state and residence of county, required by Rev. St. 1911, art. 4632, is as essential as any other fact in a divorce case, and though the question is not raised by plea in abatement, it is not waived, but the plaintiff must allege and prove residence as part of his case.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by John J. Gallagher against Helen L. Gallagher. From a judgment granting plaintiff a divorce, defendant appeals. Reversed and remanded.

Carlos Bee, J. D. Martin, and E. H. Lange, all of San Antonio, for appellant.

R. J. McMillan, of San Antonio, for appellee.

FLY, C. J. This is an appeal from a judgment granting a divorce to appellee from his wife, the appellant. The judgment was based upon allegations of disgraceful and outrageous conduct not consistent with loyalty to her husband and regard for her marital vows, while appellee was absent in the service of his country as a soldier and officer.

Appellee is a captain in the military service of the United States, and is, and has been for a number of years, as a matter of course, subject to be ordered to any part of the world that his superior officers might deem proper or expedient. He first came, in company with his wife, to San Antonio, Tex., in 1915, remained in that place for over a year, and was then sent with General Pershing's military expedition into Mexico, and returned to San Antonio in July, 1917, where he had remained to the time of the filing of the petition in this cause, on September 23, 1918. Appellee testified that he had for over a year intended to make San Antonio his permanent home as soon as he could retire, which will be during the year 1919. Before he entered the military service the last time he was a merchant in New York City. The question arises—the only one of any importance raised in this case—Can a person in the service of the United States as a soldier become an actual bona fide inhabitant of the state and acquire a residence for six months in the county different from the original residence from which he entered the service, and, if so, does the evidence show such acquisition?

[1] It is provided in article 4632, Revised Statutes:

"No suit for divorce from the bonds of matrimony shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of twelve months, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit."

The object of the statute is not only to compel an actual good faith inhabitancy of this state, but an actual residence, for six months, in the county where the suit for divorce is instituted. Michael v. Michael,

---

34 Tex. Civ. App. 630, 79 S. W. 75; Brashear v. Brashear (Tex. Civ. App.) 99 S. W. 568.; Dickinson v. Dickinson (Tex. Civ. App.) 138 S. W. 205. The part of the article of the statutes herein quoted was construed in Michael v. Michael, and it was held:

"It is evident that if the plain, ordinary signification of the word 'resided' used in the statute is given to it, it would necessarily be construed to require an actual living in the county for six months immediately preceding the filing of the suit. The word 'reside' in its ordinary sense carries with it the idea of permanence as well as continuity. It does not mean living in one place and claiming a home in another. It does not mean a constructive or imaginary residence in Texas, while actually living in Illinois. It was intended by the statute not only to compel an actual good faith inhabitancy of this state, but an actual residence in the county where the suit for divorce is instituted upon the part of the party seeking the divorce."

The object of the statute was to prevent the disgraceful state of affairs that prevailed in Nevada a few years since, when Reno became famous for furnishing a city of refuge for the rich and influential who desired to shake off the restraints of the marriage relation permanently, or, as was usually the case, in order to embark afresh on the matrimonial sea with new companions. Texas has desired no such unenviable distinction for the laxity of her divorce laws, but it is to be regretted that in spite of the checks upon the annulment of marriages by the laws a lax administration of those laws in many instances, if not an utter disregard of some of their provisions, have given this state an undesirable notoriety in the annals of divorces.

As stated in Tipton v. Tipton, 87 Ky. 243, 8 S. W. 440, by the Supreme Court of Kentucky, there is a broad distinction between a legal and an actual residence. A legal residence may be fixed by fact and intention, and a man may have a legal residence in one state and an actual residence in another. The statute requires an actual residence in the county, and will not be satisfied by a legal residence.

[2-4] The statute, in addition to the requirement as to residence in the county, requires an actual bona fide inhabitancy of the state for a period of 12 months. Prior to 1913, the statute did not prescribe any certain period as to inhabitancy, and doubtless that would have been satisfied by a period of 6 months, as in the case of the residence in the county. The bona fides of inhabitancy would doubtless be attained if it did not appear that a person became an inhabitant of the state merely for the purpose of qualifying to obtain a divorce in the courts of Texas. There is nothing in the evidence tending to show that appellee became an inhabitant, if he was one, of Texas merely to procure a divorce. In the nature of things he could not have inhabited Texas merely for that purpose, because he was ordered here and remained here under orders of his military superiors.

The words "inhabitant," citizen," and "resident" are stated by Judge Cooley to mean substantially the same thing, and a person is an inhabitant, resident, or citizen at the place he has his domicile or home. Cooley, Cons. Lim. 600. That is, in order to be an inhabitant there must be a domicile or home acquired, and it must have the stamp of permanency upon it. In Illinois it has been held that resident and inhabitant are not synonymous; inhabitant implying a more fixed and permanent abode than resident, and importing privileges and duties to which a mere resident would not be subject. Tazewell County v. Davenport, 40 Ill. 197. In the case of Ex parte Shaw, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, it was held that an inhabitant is one who resides actually and permanently in a given place and has his domicile there. In other words, there must be a permanent domicile or home established, whether actually and physically, or by intention, accompanied with some act done in the execution of that intent. Individuals are permitted to testify as to intention, but the intent is more satisfactorily shown by acts than by mere words. Harrison v. Harrison, 117 Md. 607, 84 Atl. 57.

In this case it was shown that appellee had his domicile in New York when he entered the army, and while it seems from some authorities cited by appellee that a soldier can abandon his domicile of origin and select another, yet those very authorities hold that, in order to show a new domicile during the term of enlistment, it must be shown by the "clearest and most unequivocal proof. No domicile will be acquired merely from having been stationed in the line of duty at any particular place." 14 Cyc. p. 849. Again, in another authority cited, In re Grant's Estate, 83 Misc. Rep. 262, 144 N. Y. Supp. 570, it was held:

"Doubtless a military officer, as well as another, may change for himself his domicile of origin to a new domicile, called 'a domicile of choice,' which then for juridical and administrative purposes takes the place of the domicile of origin."

But it is also stated, on the same subject, in Ex parte White (D. C.) 228 Fed. 90·

"A member of the army may change his domicile, provided the intention to change is clear and associated with something fixed and established as indicating such a purpose."

In the present case appellee does not declare that he had made his domicile in San Antonio, but only that for about 18 months he had the fixed intention of making his home in that city. Even if he had declared

that he had 18 months ago fixed his domicile in Bexar county by his intention or determination, that is not supported or corroborated by a single fact in the record, not even by a declaration to that effect. He had made no preparation for obtaining a home, and had never stated to any one that he intended to live here. He was in Bexar county, not of his own volition, but under the inexorable commands of military authority. He had his wife with him, it is true, but soldiers' wives often follow their husbands from one post to another, and in this instance the woman had been with him in different places, and at one time went to the Philippines with him. She went to Columbus, N. M., in 1916, and appellee endeavored to get quarters for her to remain in there. Her presence with him in San Antonio was no corroboration of his intention to remain in that place, for she went all over the Union and to its colonies with him. While it was not absolutely necessary for him to have purchased real estate in San Antonio to fix his domicile, still it would have been a strong circumstance corroborating his testimony as to his intentions. He brought no property with him to San Antonio except personal effects that were carried with him every time he was moved from one military post to another. He may be ordered away from San Antonio at any moment, and has no property or other ties to make him return when he retires from the service. He has never registered as being from San Antonio, and whether he ever will be so registered depends on whether he will ever carry into effect an undefined intention to so register. The probability that he will ever put into execution any such intention is greatly lessened, if not destroyed, by the fact that he believes San Antonio to be the place of his dishonor, and where his wife is at least living at present.

We have seen no decision holding that the testimony of a party as to intention to fix a domicile at some time in the future would be sufficient to fix it, when not accompanied by any act, or declaration even, to that effect. It is held in this state, however, that intention alone cannot give a homestead right, without preparation sufficient to manifest such intention. Such preparation would be the corroborating witness to safeguard against fraud and establish the bona fides of the intention of the party. Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832; O'Brien v. Woeltz, 94 Tex. 148, 58 S. W. 943, 59 S. W. 535, 86 Am. St. Rep. 829; West End Town Co. v. Grigg, 93 Tex. 451, 56 S. W. 49. Should the establishing of a domicile in a state in a divorce suit be held to any less rigid rule than in fixing a homestead? We think not. We desire to extend all rights to the soldier that are given to the civilian, when it can be done consistently with the laws of the state.

In this case it must be kept in view that appellee had a domicile of origin, and, in order to change, clear and unequivocal proof must be submitted of the choice of another domicile. Appellee did not voluntarily come to San Antonio; he did not voluntarily live here; but was here by virtue of military authority, and he presents no evidence of abandonment of the New York home and the choice of a new one here, except his secret intention not evidenced before the trial for divorce by any word or act that was not consistent with his retention of his domicile of origin. It would be a dangerous precedent to establish, and would open the floodgates for divorce seekers from all parts of the Union, if mere intention, unexpressed and uncorroborated by any evidence, can fix a domicile in the purview of our divorce statutes. The test as stated in a New Jersey case is:

"There must be a voluntary change of residence; the residence at the place chosen for the domicile must be actual; to the factum of residence there must be added an animus manendi; and that place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with the present intention of making it his home, unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home." Williams v. Williams, 78 N. J. Eq. 13, 78 Atl. 693.

See, also, Miller v. Miller, 88 Vt. 134, 92 Atl. 9; Sneed v. Sneed, 14 Ariz. 17, 123 Pac. 312, 40 L. R. A. (N. S.) 99; Andrade v. Andrade, 14 Ariz. 379, 128 Pac. 813.

Ordinarily, it is a presumption of law that where a person actually lives is his domicile, such presumption of course being rebuttable; but no such presumption could arise in the case of a soldier in active service, who has no choice of domicile, but must ordinarily cling to his domicile of origin. Ordinarily, an act of removal to a certain location, coupled with the intent to make a permanent residence there, might be sufficient to fix a domicile, but that is because the removal is voluntarily made, which could not occur in the case of a soldier in active service. It follows that the removal of the latter to a place and his residence there for years would not offer any probative evidence to corroborate evidence as to an intention to make the place his home, but it would be necessary to obtain other corroborative facts of that intention. It has been held that exercising the right of suffrage would not be conclusive, and the Maryland court in Harrison v. Harrison, herein cited, held:

"The better rule seems to be that while it [exercising the right of suffrage] is an element, and strong evidence, as to intention, it is not conclusive, and, just as it is permitted to an individual to testify as to his intent, that intent may nevertheless be more satisfactorily shown

by the acts of the individual rather than by his words."

In this case there has been nothing but oral declarations, unaccompanied by any act tending in the least to corroborate those declarations.

Because the evidence as to domicile is not clear and satisfactory, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

If appellee ever indicated to any one, during his enforced stay as a soldier in Bexar county, that the county named was the place of his domicile, or ever would be, the record fails to disclose it, and we have only the uncorroborated statement of the appellee, made only when called as a witness, that he intended to make San Antonio his place of domicile at some uncertain time in the future. He speaks of having brought his household goods with him to San Antonio, but the evidence fails to show that he had any household goods. He lived in boarding or rooming houses, and he testified that he had no "real estate or anything of that kind." He stated his personal property "is some curios I have saved all the time that I was away that I prize very much. I risked my life several times in getting them when I was chief of police and sheriff under Pershing, in Mindanao—bolos and knives." These curios would hardly be termed household goods, and having them in San Antonio would be no evidence of domicile in that city. Appellee stated that he and wife had no property rights to adjust.

The authorities called to our notice as to the right of a soldier while in the military service to select a domicile are very sparse indeed, and in one of them it is stated that in order to show the selection of such domicile there must be the "clearest and most unequivocal proof." Can the uncorroborated and interested testimony of a plaintiff in a divorce suit be held to furnish the "clearest and most unequivocal proof"? The fact that appellee has been in Bexar county for more than a year furnishes no corroboration to his testimony, as he has been living here because so ordered by his superior officers, and not of his own volition. And to no human being has he ever whispered "This is my home." What is there fixed and established with which his intention to acquire a domicile is associated? Not one thing. His may be a hard case, but the law should not be warped and bent to meet hard cases.

[5] The proof as to inhabitancy of the state and residence in the county is as essential as any other fact in a divorce case, and if it is not clearly and unequivocally shown in the case of a soldier, the case is not made out. As said by Judge Key, for the Court of Civil Appeals for the Third District, in Bruner v. Bruner, 43 S. W. 796:

"Ordinarily, questions of venue, unless raised by a plea in abatement, are regarded as waived, but such is not the rule in divorce cases. The statute requires bona fide inhabitancy of the state and residence in the county for six months next preceding the filing of the suit as a prerequisite to obtaining a divorce, and the plaintiff must allege and prove these facts in order to obtain a divorce."

As said in Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90:

"One condition to which a party seeking a divorce in this state is subject is that he must reside in the county in which he brings his suit for the six months next preceding the filing of his petition. * * * When the facts required to exist by our statutes are not established by the evidence, a decree of divorce should be refused."

It may be, as asserted by appellant, that the proof in this case "goes a good deal further than the proof ordinarily goes in divorce cases," but "if were so it were a grievous fault," and a check should be placed upon it. The evidence is clearly insufficient in this case to show statutory venue. The jurisdiction of the court was attacked by a plea, and was one of the contested points on the trial, and venue should have been clearly shown. Being stationed here as a soldier did not prove domicile nor tend to prove it, and the bare testimony of a future intention to make San Antonio his place of residence did not meet the demands of the law.

While the plea to the jurisdiction was based alone on the proposition that appellee was a soldier, it placed the burden of showing that he had acquired a domicile in Bexar county by the "clearest and most unequivocal proof." In this he failed, for, giving absolute verity to all he stated, he had never acquired any domicile in Bexar county, but intended to do so at some indefinite time in the future. That appellant did not testify did not in any manner add any corroboration to the evidence of appellee. The burden was on him and he had to establish venue regardless of the testimony of appellant. Appellant sought a postponement of the trial in order that she and her witnesses might be present at the trial, but this was denied her, and the case was called up out of its numerical order on the docket and set down for trial. Appellee is not justified, therefore, in claiming any advantage for himself on the ground that the appellant did not offer any rebutting testimony.

The motion for rehearing is overruled.