Leander Perry Foss, Plaintiff and Appellant, v. Bertha Beatrice Ferris, Defendant and Appellee.

No. 8728. Argued April 11, 1944.—Decided May 5, 1944.

G. Cruzado Silva for appellant. Appellee did not appear.

Mr. Chief Justice Travieso delivered the opinion of the court.

The legal controversy herein is whether a sergeant of the Army of the United States, who has been sent to Puerto Rico as a member of the armed forces detached in this island and who is in Puerto Rico since January 1941, has acquired the legal residence essential for bringing an action of divorce in the District Court of San Juan against his wife, a resident of the State of New York.

The plaintiff and the defendant contracted marriage in the State of New York. They have had no children and have acquired no conjugal property.

In the complaint filed by Sergeant Foss it is alleged "that the plaintiff and the defendant have lived apart completely and uninterruptedly" from August 1938 to the date of the complaint, which was filed on November 6, 1942.

The defendant was summoned by publication of edicts, failed to appear, and her default was entered. After the trial was held with the appearance of the plaintiff alone, the lower court rendered judgment dismissing the complaint. In support of his appeal before this court, appellant alleges that the lower court erred in holding that the plaintiff has not resided in this island during the year prior to the filing of his complaint; that plaintiff is but a transient; that the residence required for an action of divorce must have the same elements essential to the establishment of a domicile; and that by his transfer to Puerto Rico, plaintiff did not lose his former domicile nor did he acquire a new one in this island.

Before considering and deciding the question, it seems advisable to make an analysis of what plaintiff himself testified at the hearing of the case. He stated that he is a soldier of the United States Army, with the grade of Technical Sergeant; that he married the defendant in Southold, New York, on June 30, 1938; that they lived together for a short time, about a month and ten days, after which she went to live with her family and he left for the Philippine Islands on September 2, 1932, staying there for about two years, until he returned to New York on September 9, 1940; that on the day after his arrival in New York he left for Munroe, Virginia, and from Munroe he came to Puerto Rico, arriving in this island on January 21, 1941; and, lastly, that he has not lived again with his wife since September 2, 1938, having remained apart until now, uninterruptedly.

Upon being asked by the trial judge if his residence in the Island was voluntary or because he was in the army, he answered: "I am at the command of the Army"; if I should receive orders to leave tomorrow, I would have to leave." When he was asked if he had been compelled to live here during two years by orders of the Army, he answered in the affirmative.

Section 97 of our Civil Code provides that "no person can secure a divorce under this Code who has not resided in the Island for one full year next immediately preceding the action, unless the act on which the suit is based has been committed in Puerto Rico, or while one of the parties to the marriage resided here."

If the plaintiff has not resided in the Island for one full year before filing his complaint, his action has been lawfully dismissed, for it is an admitted fact that the alleged separation took place in New York, more than two years before plaintiff came to Puerto Rico.

In order that a person may be considered a resident of a certain place, he should have come to that place with the intention of establishing there his domicile or permanent residence and in effect stay there for that purpose. 37 Words & Phrases, pp. 277, 301; *Sureda* v. *Sureda,* 22 P.R.R. 620; *Williams* v. *State of North Carolina,* 317 U. S. 287.

In *Suit* v. *Shailer,* (D. C. Md.) 18 Fed. Supp. 568, 571, we find, in our opinion, a more exact definition of the word "residence":

" 'It does not mean, as we have said, one's permanent place of abode, where he intends to live all his days, or for and indefinite or unlimitted time; nor does it means one's residence for a temporary purpose, with the intention of returning to his former residence when that purpose shall have been accomplished, but means, as we understand it, one's actual home, in the sense of having no other home, whether he intends to reside there permanently, or for a definite or indefinite length of time.' "

The plaintiff in the instant case did not come to Puerto Rico of his own free will, but in compliance with superior orders which he, as a member of the armed forces, was bound to obey. His stay in this island depends on the will of others and not on his own. His superior officers may order his transfer at any time to another place and he would be compelled to obey. A person under such circumstances can not have a residence anywhere other than the place where he lived when he joined the Army, since from the moment that he goes into active service the soldier has no choice as to where he goes, the time he can remain there, or when he shall return to his home. "To gain either an actual or legal residence there is, of necessity, involved at least the exercise of volition in its selection, and this can not be affirmed of the residence of either a soldier or a sailor in active service." *Harris* v. *Harris*, 215 N. W. 661. The legal presumption that the domicile of a person is the place where he actually lives, can not arise in the case of a soldier in active service, who has no choice of domicile. *Gallagher* v. *Gallagher*, 214 S. W. 516; 129 A.L.R. 1382. From plaintiff's own testimony it is clear that he came to Puerto Rico as a soldier, obeying superior orders and without the *animus manendi* required to gain a legal residence in a particular place. The majority of the state jurisdictions hold that no member of the armed forces shall acquire a legal residence in a state by reason of his being stationed in a post or camp of the Army within the state. *Stevens* v. *Allen*, 139 La. 658, 71 So. 936; Restatement of the Law, Conflict of Laws, p. 20, §9; 17 Am. Jur. 278, §249.

The lower court did not err in deciding that the residence acquired by appellant in Puerto Rico is the accidental residence of a transient and not the one required by §97 of the Civil Code which is essential to the bringing of an action of divorce in this island.

The judgment appealed from must be affirmed.