

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 2, 1953

Honorable Gibb Gilchrist
Chancellor
Texas A. & M. College System
College Station, Texas

Opinion No. S-95

Re: Status of a veteran, in-
ducted as a resident of
another state, as a resi-
dent of Texas for educa-
tional purposes.

Dear Dr. Gilchrist:

Your request for an opinion of this office concern-
ing the right of veterans, who were inducted into the armed
forces as residents of states other than Texas, to enroll at
Texas A. & M. College as residents of Texas, reads as follows:

"1. Can a veteran who enters the service
from another state and as a resident of that
state satisfy the residence requirements for
educational purposes in Texas by having served
on active duty in Texas for a period of 12
months or more subsequent to his twenty-first
birthday?

"2. If the answer to the above question
is negative, would the fact (a) that he has
brought his family into Texas and has lived
off the post for 12 months or (b) that he has
his family with him, has acquired real prop-
erty and pays taxes in the state have any ef-
fect?"

Section 1, subsection 2, Article 2654c, Vernon's
Civil Statutes, after detailing tuition rates for non-resident
students registering in State colleges, provides in part as
follows:

"(a) A nonresident student is hereby defined to be a student of less than twenty-one (21) years of age, living away from his family and whose family resides in another State, or whose family has not resided in Texas for the twelve (12) months immediately preceding the date of registration; or a student of twenty-one (21) years of age or over who resides out of the State or who has not been a resident of the State twelve (12) months subsequent to his twenty-first birthday or for the twelve (12) months immediately preceding the date of registration.

"(b) The term 'residence' as used in this Act means 'domicile'; . . ."

In Pecos & N.T. Ry. Co. v. Thompson, 106 Tex. 460, 167 S.W. 801 (1914), the Supreme Court defined domicile in the following language:

"Residence means living in a particular locality, but domicile means living in that locality with the intent to make it a fixed and permanent home. Residence simply requires bodily presence, as an inhabitant in a given place, while domicile requires bodily presence in that place and also one's intention to make it one's domicile."

Intention is an essential consideration in determining the question of domicile, and thus the solution to each particular case must depend upon all the facts and circumstances surrounding it which tend to support or negate an intention to establish domicile.

In the absence of a clear intent to abandon his domicile in the state from whence he came and to establish a new domicile in the state in which he serves, a person in the military service does not acquire a domicile in the latter state. In Gallagher v. Gallagher, 214 S.W. 516 (Tex.Civ.App. 1919), the Court stated:

"Ordinarily, it is a presumption of law that where a person actually lives is his domicile, such presumption of course being rebuttable; but no such presumption could arise in the case of a soldier in active service, who has no choice of domicile, but must ordinarily

cling to his domicile of origin. Ordinarily,
an act of removal to a certain location, cou-
pled with the intent to make a permanent resi-
dence there, might be sufficient to fix a
domicile, but that is because the removal is
voluntarily made, which could not occur in the
case of a soldier in active service. It fol-
lows that the removal of the latter to a place
and his residence there for years would not
offer any probative evidence to corroborate
evidence as to an intention to make the place
his home, . . ."

This position finds further support in Wilson v.
Wilson, 189 S.W.2d 212 (Tex.Civ.App. 1945):

"A review of the law pertaining to the
residence of a soldier who is sent to Texas
from another state under military orders
properly begins with the case of Gallagher
v. Gallagher, Tex.Civ.App., 214 S.W. 516,
518. It is there held that the words 'in-
habitant,' 'citizen' and 'resident' mean
substantially the same thing. In order to
be an inhabitant one must acquire a domicile
or home, and it must have the stamp of per-
manency on it. There must not only be an in-
tention to establish a permanent domicile or
home, but the intention must be accompanied
by some act done in the execution of the in-
tent. A soldier can abandon his domicile of
origin and select another, yet, in order to
show a new domicile during the term of enlist-
ment, there must be the clearest and most un-
equivocal proof, . . ."

We conclude from the above authorities that mere
residence in Texas by a member of the armed forces while on
active military duty within its boundaries, regardless of
the length of such stay, would not, standing alone, evidence
any intent on the part of such serviceman to establish his
domicile in Texas. Of course, additional facts might sup-
port and establish the bona fide intent contemplated by our
court decisions. As to which factors or positive acts might,
considered cumulatively, evidence the requisite intent, we
can prescribe no standard; the facts in each case will neces-
sitate separate evaluation.

Answering your first question we hold that military assignment within the State of Texas for any period of time does not, in the absence of additional evidence, operate to remove the domicile of an out-of-state veteran to this state for educational purposes.

We advise you in reply to your second question that both circumstances (a) and (b) contained therein are entitled to consideration in resolving domiciliary questions, but that neither is conclusive of a decision. A decision must rest on an evaluation of all attending circumstances in each particular case.

## SUMMARY

Mere residence in Texas by a member of the armed forces as a consequence of military assignment does not, standing alone, operate to establish his residence in Texas for educational purposes. That he has brought his family to Texas and has lived off the post for 12 months, or that he has his family with him, has acquired realty and is paying taxes in the state are facts of evidentiary value in determining domicile.

APPROVED:

Dean J. Capp
Oil & Gas Division

Willis E. Gresham
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mert Starnes*

Mert Starnes
Assistant