

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 1, 1962

Mr. John T. Cox
County Attorney, Bell County
Belton, Texas

Dear Mr. Cox:

Opinion No. WW-1322

Re: Liability of member of
the Armed Forces who claims
a homestead in Texas for
ad valorem taxes on personal
property.

Your recent letter requests the opinion of the Attorney
General of Texas in answer to your inquiry as follows:

"Would a member of the Armed Forces be
exempt from personal property tax even though
he has purchased real estate and claimed same
as homestead exemption."

Our answer to your question is that any member of the Armed
Forces who legally claims a homestead exemption from Texas ad
valorem taxes is a "citizen" of this State for all purposes of
ad valorem taxes and that all personal property owned by him and
as defined in Article 7147 V.C.S., and which is not exempt from
such taxes by other provisions of Texas law, is subject to ad
valorem taxes.

You state that the person in question has claimed a home-
stead exemption. Whether his home is legally established in
Texas is a question to be determined from all the relevant facts.
For purposes of this opinion we assume the person is qualified
under our state laws to claim and that he does claim a homestead
exemption to realty in this State.

The only law which must be considered in answering your
question, other than the laws of Texas relating to homesteads
and liability of citizens of this state for ad valorem taxes,
is the following section of the Soldiers' and Sailors' Civil
Relief Act of 1940.

"(1) For the purposes of taxation in
respect of any person, or of his personal
property, income, or gross income, by any
State, Territory, possession, or political
subdivision of any of the foregoing, or by
the District of Columbia, such person shall
not be deemed to have lost a residence or
domicile in any State, Territory, possession,

or political subdivision of any of
the foregoing, or in the District of
Columbia, solely by reason of being
absent therefrom in compliance with
military or naval orders, or to have
acquired a residence or domicile in,
or to have become resident in or a
resident of, any other State, Territory,
possession, or political subdivision of
any of the foregoing, or the District of
Columbia, while, and solely by reason of
being, so absent.  For the purposes of
taxation in respect of the personal prop-
erty, income, or gross income of any such
person by any State, Territory, possession,
or political subdivision of any of the fore-
going, or the District of Columbia, of which
such person is not a resident or in which
he is not domiciled, compensation for
military or naval service shall not be
deemed income for services performed with-
in, or from sources within, such State,
Territory, possession, political subdivision,
or District, and personal property shall
not be deemed to be located or present in
or to have a situs for taxation in such
State, Territory, possession, or political
subdivision, or district:  Provided, That
nothing contained in this section shall
prevent taxation by any State, Territory,
possession, or political subdivision of
any of the foregoing, or the District of
Columbia in respect of personal property
used in or arising from a trade or business,
if it otherwise has jurisdiction.  This
section shall be effective as of September 8,
1939, except that it shall not require the
crediting or refunding of any tax paid prior
to October 6, 1942.

"(2)  When used in this section, (a) the
term 'personal property' shall include
tangible and intangible property (including
motor vehicles), and (b) the term 'taxation'
shall include but not be limited to licenses,
fees, or excises imposed in respect to motor
vehicles or the use thereof:  Provided, That
the license, fee, or excise required by the
State, Territory, possession, or District of

Columbia of which the person is a resident or in which he is domiciled has been paid." 50 U.S.C.A. Section 574. (58 Stat. 722, c. 397, sec. 1).

The Soldiers' and Sailors' Relief Act (supra) is clear wherein it states that no person shall have

". . . lost a residence or domicile. . . solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, or to have become resident in or a resident of, any other State,......or political subdivision. . . while, and solely by reason of being, so absent. . . ."

Neither do the laws of Texas impress upon one who has purchased and is living in a dwelling house the status of owning and using the dwelling house as a homestead. However, we believe the law does impress upon one who has purchased real estate in this state and claims it as a homestead, and who meets the requisites of having a legally recognized homestead, the status of being a citizen for the purpose of incurring taxes on all his property, whether real or personal, subject to ad valorem taxes under Texas laws.

Whether the head of a family claims one piece of real estate or another as his homestead is first a matter of his own free choice and intention. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945).

In addition to dedication and claim of homestead by the head of a family additional acts and conditions required by the Texas law must be satisfied to establish a legally recognized homestead. See: 28 Tex.Jur.2d 360 et seq., Homesteads; 15-B Tex.Jur. 177-178, Domicile, Sec. 3.

Article VIII, Section 1-b of our State Constitution which provides for residence homestead exemptions reads as follows:

"Three Thousand Dollars ($3,000) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for all State purposes."

See also Art. 7048a, Sec. 2.

Article 7147 which states who is subject to ad valorem taxes on personal property in its pertinent portion reads as follows:

> "Personal property, for the purposes of
> taxation, shall be construed to include all
> goods, chattels and effects, and all moneys,
> credits, bonds and other evidences of debt
> owned by citizens of this State, whether the
> same be in or out of the State;. . ."  (Under-
> scoring added.)

For purposes of ad valorem taxes we believe that any person
who is a legal "resident" or "inhabitant" of this State is also
a "citizen" of this State within contemplation of Art. 7147.

> "A review of the law pertaining to the
> residence of a soldier who is sent to Texas
> from another state under military orders
> properly begins with the case of Gallagher
> v. Gallagher, Tex.Civ.App., 214 S.W. 516,
> 518.  It is there held that the words
> 'inhabitant,' 'citizen' and 'resident' mean
> substantially the same thing.  In order to
> be an inhabitant one must acquire a domicile
> or home. . ."  Wilson v. Wilson, 189 S.W.2d
> 212 (Civ.App. 1945).

See also:  Cobbs v. Coleman, 14 Tex. 594 (1855); Stone v. Phillips,
142 Tex. 216, 176 S.W.2d 932 (1944).

## S U M M A R Y

> A member of the Armed Forces who claims
> a legally valid homestead exemption within
> Texas is a "citizen" of this state within
> contemplation of Article 7147 V.C.S., and
> all personal property as defined in this
> Article and owned by him, and not exempt
> from taxation by other provisions of Texas
> laws, is subject to ad valorem taxes.

Yours very truly,

WEA/cm

WILL WILSON
Attorney General of Texas

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman          By: W. E. Allen

                                 W. E. Allen
Henry Braswell                   Assistant
Arthur Sandlin
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.